UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENDRICK ANTHONY                                        CIVIL ACTION

VERSUS                                                  NO. 21-1070

DEEP SOUTH AIRBOATS, LLC                                SECTION M (5)


## ORDER & REASONS

Before the Court is a motion by defendant Deep South Airboats, LLC ("Deep South") to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Plaintiff Kendrick Anthony responds in opposition.[2]  Also before the Court is Deep South's motion to strike the jury demand,[3] which Anthony concurs should be granted.[4]  Having considered the parties' memoranda, the record, and the applicable law, the Court grants Deep South's motion to dismiss, without prejudice, all of Anthony's claims aside from those encompassed by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b).  The Court also grants Deep South's motion to strike the jury demand because § 905(b) does not afford a plaintiff a right to a jury trial.

I.      BACKGROUND

This case involves a maritime personal injury.  At all pertinent times, Anthony was employed by non-party Weeks Marine as a longshoreman.[5]  On November 28, 2020, Anthony was being transported to his Weeks Marine worksite on a vessel owned and operated by Deep South

---

[1] R. Doc. 13.
[2] R. Doc. 15.
[3] R. Doc. 14.
[4] R. Doc. 17.
[5] R. Doc. 1 at 4.

when the vessel, which he claims was operating at a high rate of speed, struck a sandbar, throwing Anthony out of the boat and onto an adjacent island causing him to sustain personal injuries.[6]  On June 3, 2021, Anthony filed this action against Deep South alleging negligence and unseaworthiness claims.[7]  The complaint also mentions *res ipsa loquitur* and *respondeat superior* as methods of imposing liability on Deep South.[8]  Anthony asks for a jury trial.[9]

Deep South responded by filing a motion to dismiss and a motion to strike the jury demand.[10]  Because Anthony then filed an amended complaint,[11] this Court dismissed as moot Deep South's motion to dismiss and motion to strike.[12]  The amended complaint adds various negligence claims and corrects a factual misstatement in the original complaint.[13]  Deep South then filed the instant renewed motion to dismiss and motion to strike.[14]

## II.    PENDING MOTION

Deep South argues that, as a longshoreman, Anthony's remedies are confined to those prescribed by § 905(b), and that all other causes of action referenced in the complaint, including unseaworthiness, must be dismissed.[15]   Deep South also argues that *res ipsa loquitur* and *respondeat superior* are not independent causes of action and thus should also be dismissed.[16] Further, Deep South contends that, in the event the Court does not dismiss the complaint it its

---

[6] *Id.*
[7] *Id.* at 5-7.
[8] *Id.* at 7-9.
[9] *Id.* at 11.
[10] R. Docs. 7 & 8.
[11] R. Doc. 12.
[12] R. Doc. 11.
[13] R. Doc. 12.
[14] R. Docs. 13 & 14.
[15] R. Doc. 13-1 at 4-6.
[16] *Id.* at 5.

entirety, it should at least dismiss the claims that fall outside of § 905(b).[17]  Finally, Deep South

argues that a longshoreman is not entitled to a jury trial on his § 905(b) claims.[18]

   In opposition, Anthony concedes that, as a longshoreman, his claims arise under § 905(b),

but asserts that those claims must not be dismissed.[19]  He further argues that, while they are not

independent causes of action, the Court should not dismiss his *res ipsa loquitur* and *respondeat*

*superior* allegations because they are legal theories under which Deep South may be held liable.[20]

Anthony asks that any claim that is dismissed be dismissed without prejudice in case discovery

shows that he is not a longshoreman.[21]  Anthony also concedes that, as a longshoreman, he is not

entitled to a jury trial.[22]

## III.   LAW & ANALYSIS

### A.  Rule 12(b)(6) Standard

   The Federal Rules of Civil Procedure require a complaint to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Rule

8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must

"'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does

not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements

---

[17] *Id.* at 6.
[18] R. Doc. 14-1.
[19] R. Doc. 15 at 1.
[20] *Id.* at 1-2.
[21] *Id.* at 2.
[22] R. Doc. 17.

of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss

for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to

probability, but rather "it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts

pleaded in the complaint "do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to

relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs

the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying

pleadings that, because they are no more than conclusions [unsupported by factual allegations],

are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether

the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th

Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir.

2012)).  Motions to dismiss are disfavored and rarely granted.  *Turner v. Pleasant*, 663 F.3d 770,

775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir.

2009)).

### B.  Section 905(b) of the LHWCA

The LHWCA establishes the exclusive remedy for longshoremen and other maritime

workers seeking compensation from their employers for work-related accidents that cause injury

or death.  *Tauzier v. East*, 183 F. Supp. 3d 768, 779 (E.D. La. 2016).  Section 905(b) of the statute

also provides longshoremen and other maritime workers with a negligence cause of action against

vessel owners for negligence.  *Id.*  Because Anthony admits that he was a longshoreman, his

exclusive remedy against Deep South, the non-employer vessel owner, is a negligence claim under

§ 905(b).  More specifically, the scope of Anthony's § 905(b) negligence claim against Deep South

is limited to the breach of the duties described by the Supreme Court in *Scindia Steam Navigation*

*Co. v. De Los Santos*, 451 U.S. 156 (1981):

> The first, which courts have come to call the "turnover duty," relates to the
> condition of the ship upon the commencement of stevedoring operations.  The
> second duty, applicable once stevedoring operations have begun, provides that a
> shipowner must exercise reasonable care to prevent injuries to longshoremen in
> areas that remain under the "active control of the vessel."  The third duty, called
> the "duty to intervene," concerns the vessel's obligations with regard to cargo
> operations in areas under the principal control of the independent stevedore.

*Howlett v. Birkdale Shipping Co.*, 512 U.S. 92, 98 (1994) (quoting *Scindia*, 451 U.S. at 167-68)

(citations omitted).  Therefore, Deep South's motion to dismiss is GRANTED as to dismissing

any claims that do not arise under § 905(b), including, but not limited to Anthony's

unseaworthiness claim.  However, the Court will not dismiss Anthony's *res ipsa loquitur* and

*respondeat superior* allegations because those legal theories are not independent causes of action, but rather may be used to prove Deep South's alleged negligence to the extent the law allows.

Further, "[f]ederal jurisdiction of 905(b) claims is based on general maritime law and, accordingly, assertion of a 905(b) claim confers no more right to a jury trial than does any other claim within the court's admiralty jurisdiction." *Biagas v. Hornbeck Offshore Servs., LLC.*, 2006 WL 2228952, at *4 n.3 (E.D. La. Aug. 3, 2006) (citing *Russell v. Atl. Gulf Stevedores*, 625 F.2d 71, 72 (5th Cir.1980); *Duplessis v. Daybrook Fisheries, Inc.*, 2004 WL 764197 (E.D. La. Apr. 6, 2004)).  Thus, Deep South's motion to strike Anthony's jury demand is GRANTED.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Deep South's motion to dismiss (R. Doc. 13) is GRANTED, as to dismissing, without prejudice, all of Anthony's claims that are not encompassed by § 905(b), particularly, the unseaworthiness claims.

IT IS FURTHER ORDERED that Deep South's motion to strike the jury demand (R. Doc. 14) is GRANTED.

New Orleans, Louisiana, this 28th day of September, 2021.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE